IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PEGGY J. CANTRELL,**                                    6:14-CV-01122-BR

        Plaintiff,                                     OPINION AND ORDER

v.

**CAROLYN W. COLVIN,**
**Commissioner, Social Security**
**Administration,**

        Defendant.


**KATHRYN TASSINARI**
**DREW L. JOHNSON**
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
Acting United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**KATHY REIF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-2531

       Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Peggy J. Cantrell seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on June 2, 2010, alleging a disability onset date of December 31, 2005. Tr. 132.[1] Plaintiff later amended her onset date to September 1, 2009. Tr. 41. The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a

---

[1] Citations to the official transcript of record filed by the Commissioner on November, 18, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on March 5, 2013.  Tr. 34-72.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on April 12, 2013, in which she found Plaintiff was disabled after January 24, 2012; *i.e.*, the ALJ concluded Plaintiff was not entitled to DIB during the closed period of September 1, 2009, through January 24, 2012, but was entitled to DIB after the closed period.  Tr. 12-23.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born June 24, 1957, and was 55 years old at the time of the hearing.  Tr. 73.  Plaintiff completed high school.  Tr. 40.  Plaintiff has past relevant work experience as a detailer, sandwich-maker, and fast-food manager.  Tr. 21.

Plaintiff alleges disability during the relevant period due to chronic pain, degenerative joint disease of the knees, mild degenerative joint disease of the left hip, mild lumbar spondylosis, anxiety/panic disorder, and adjustment disorder with depression.  Tr. 14.

Except when noted, Plaintiff does not challenge the ALJ's

3 - OPINION AND ORDER

summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-18, 20.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially

5 - OPINION AND ORDER

dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff had not engaged in

7 - OPINION AND ORDER

substantial gainful activity after her September 1, 2009, alleged onset date. Tr. 14.

At Step Two the ALJ found that during the relevant period Plaintiff had the severe impairments of chronic pain, degenerative joint disease of the knees, mild degenerative joint disease of the left hip, mild lumbar spondylosis, anxiety/panic disorder, and adjustment disorder with depression. Tr. 14.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 1022. The ALJ found that during the relevant period Plaintiff had the RFC to perform "less than full range of light work." Tr. 16. The ALJ found Plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally, could stand and/or walk for four hours in an eight-hour workday, and could sit for six hours in an eight-hour work day. Tr. 16. The ALJ found Plaintiff could occasionally stoop and climb stairs and ramps and should avoid kneeling; crouching; crawling; concentrated exposure to extreme temperatures; and climbing ladders, ropes, and scaffolds. Tr. 16. The ALJ also found Plaintiff is able to understand, to remember, and to carry out only simple instructions that can be learned in 30 days or less; is able to perform low-stress jobs, which are jobs "with occasional changes in the work setting and occasional work-

8 - OPINION AND ORDER

related decision-making"; and is able to have occasional public contact. Tr. 16. The ALJ found, however, that Plaintiff should not work directly with the public. Tr. 16.

At Step Four the ALJ concluded Plaintiff could not perform any past relevant work during the period at issue. Tr. 21.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy during the relevant period. Tr. 21. Accordingly, the ALJ found Plaintiff was not disabled during the relevant period.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) improperly rejected Plaintiff's testimony; (2) improperly partially rejected the statement of Plaintiff's husband, Joseph Cantrell; (3) improperly gave "some weight" to the opinion of treating physician Brian Jones, M.D.; and (4) erroneously found at Step Five that Plaintiff could perform jobs that existed in significant numbers in the national economy during the relevant period.

**I. The ALJ gave clear and convincing reasons for partially rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when she failed to give clear and convincing reasons for partially rejecting Plaintiff's testimony at the March 2013 hearing.

In *Cotton v. Bowen* the Ninth Circuit established two

9 - OPINION AND ORDER

requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the March 2013 hearing Plaintiff testified she was not able to work due to issues with "availability." Tr. 43. Specifically, Plaintiff testified the pain in her knees flares up unpredictably, which then "throws [her] into a panic." Tr. 43. Plaintiff noted she was working on "getting set up with" a counselor for her depression, but she believed it was her knee pain and panic attacks that kept her from working. Tr. 43-44.

10 - OPINION AND ORDER

Plaintiff testified she was in chronic pain due to a baker's cyst behind her left knee and leg swelling.  Plaintiff testified she could walk 15 minutes before she needed to sit, could stand for an hour before needing to sit, and could sit for half an hour before needing to change positions.  Tr. 46-47.  Plaintiff noted she and her husband own a farm and grow berries, beans, corn, and other produce.  Plaintiff, however, was no longer able to garden or work at their farm stand, which is open from the end of May to October 31 annually.  Tr. 48.  Plaintiff testified they had to hire outside help to run the farm stand for the two summers before the hearing in March 2013.

    The ALJ found Plaintiff's testimony "concerning the intensity, persistence, and limiting effects of [her] alleged symptoms are less than fully credible."  Tr. 19.  The ALJ noted in April 2011 Plaintiff's examining psychologist, Alison Prescott, Ph.D., reported Plaintiff drives, runs errands one to two times per week, and "gets some exercise working outdoors on [her] property."  Tr. 286.  Plaintiff reported to Dr. Prescott that she is "busy with the tasks of gardening and harvesting," she "is outside all day long in the summer," and she "hosts holiday dinners at her house."  Tr. 287.  Dr. Prescott noted Plaintiff "shows fairly good ADLs.  She cooks, does household chores, and runs errands. . . .  She is very active with gardening and running the produce stand."  Tr. 288.

11 - OPINION AND ORDER

The ALJ also noted Plaintiff testified she will not need a knee replacement for ten years. Tr. 56. Although Plaintiff testified her legs swell up, the ALJ noted there is not any report of that symptom in the record. Tr. 20. The ALJ noted Plaintiff's anxiety and depression were reported to be well-controlled with Paxil in 2009. Tr. 18. In addition, Plaintiff had not undergone therapy for her psychological impairments and did not appear to seek therapy until a few months before the March 2013 hearing.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was only partially credible. The Court, therefore, concludes the ALJ did not err when she rejected Plaintiff's testimony in part.

**II.  The ALJ did not err when she partially credited the lay-witness statement.**

Plaintiff asserts the ALJ erred when she only partially credited the August 2010 Third Party Function Report of Plaintiff's husband, Joseph Cantrell.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a

12 - OPINION AND ORDER

claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).

Joseph Cantrell stated in the August 2010 Report that Plaintiff was in constant pain and could not stand for "long periods." Tr. 173. He stated when Plaintiff is having an anxiety attack, "she becomes fearful of most anything" and she suffers from "overwhelming fears." Tr. 179. He noted Plaintiff was able to perform her personal-care needs, to prepare meals four times per week, to drive, to shop for food five times per week, to pay bills, to use a checkbook, and to perform "all" indoor and outdoor household chores "on a limited basis." Tr. 175-76.

The ALJ found Joseph Cantrell's observations reflected Plaintiff engaged in a significant amount of activity, which is consistent with the ALJ's evaluation of Plaintiff's RFC. In addition, Joseph Cantrell's opinion of Plaintiff's impairments relied at least in part on Plaintiff's representations, which the ALJ properly found were not fully credible.

The Court concludes on this record that the ALJ did not err when she gave only some weight to Joseph Cantrell's statement because the ALJ provided legally sufficient reasons for doing so.

13 - OPINION AND ORDER

**III. The ALJ did not err when she gave only "some weight" to the opinion of Dr. Jones, treating physician.**

On February 8, 2013, Dr. Jones completed a Physician's Assessment of Physical Capacities form in which she opined Plaintiff could sit for eight hours in an eight-hour work day, could stand for one hour in an eight-hour work day, could walk 15 minutes in an eight-hour work day, and needed to lie down two hours in an eight-hour work day.  Tr. 314.  Dr. Jones noted Plaintiff could lift up to ten pounds frequently and twenty pounds occasionally and was not able to climb.  Tr. 314.  Dr. Jones stated Plaintiff "is in chronic pain and requests chronic pain meds."  *Id*.

The ALJ gave Dr. Jones's opinion only "some weight" because it was issued after the date on which the ALJ had already found Plaintiff to be disabled and there was not any indication that Dr. Jones intended his opinion to reflect Plaintiff's condition during the relevant period.  In addition, the ALJ noted DeWayde Perry, examining physician, opined that during the relevant period Plaintiff could stand and walk up to four hours in an eight-hour work day, was not limited in sitting, and could carry ten pounds frequently and twenty pounds occasionally.  Tr. 280.  Similarly, as noted, Dr. Prescott reported that during the relevant period Plaintiff reported drives, runs errands one to two times per week, and "gets some exercise working outdoors on [her] property."  Tr. 286.  Plaintiff reported to Dr. Prescott

14 - OPINION AND ORDER

that during the relevant period she is "busy with the tasks of gardening and harvesting," she "is outside all day long in the summer," and she "hosts holiday dinners at her house." Tr. 287. Dr. Prescott noted Plaintiff "shows fairly good ADLs. She cooks, does household chores, and runs errands. . . . She is very active with gardening and running the produce stand." Tr. 288.

On this record the Court concludes the ALJ did not err when she gave only "some weight" to the opinion of Dr. Jones because the ALJ supported her decision by reference to specific, substantial evidence in the record.

**IV. The ALJ did not err at Step Five.**

Plaintiff asserts the ALJ erred at Step Five when she inadequately addressed Plaintiff's moderate difficulties in concentration, persistence, and pace with a limitation to simple instructions. As noted, the ALJ found that during the relevant period Plaintiff was able to understand, to remember, and to carry out only simple instructions that could be learned in 30 days or less; was able to perform low-stress jobs, which are jobs "with occasional changes in the work setting and occasional work related decision making; and was able to have occasional public contact. Tr. 16. The ALJ also found that during the relevant period Plaintiff should not work directly with the public. Tr. 16.

The Ninth Circuit has held moderate limitations in

15 - OPINION AND ORDER

concentration, persistence, or pace are adequately reflected in a restriction to simple work when a medical opinion has translated that moderate restriction into a more specific functional limitation. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). *See also Sabin v. Astrue*, 337 F. App'x 617, 621 (9th Cir. 2009)("[T]he end result of [Plaintiff's] moderate difficulties as to [concentration, persistence, and pace] was that she could do simple and repetitive tasks on a consistent basis."). Here Dr. Prescott reported Plaintiff had "good concentration," "good short-term memory," and "average intellectual function." Tr. 287. Dr. Prescott did not report that Plaintiff had any problem with persistence or pace during the examination.

On this record the Court finds the ALJ did not err at Step Five when she incorporated Plaintiff's limitations in concentration, persistence, and pace into limitations during the relevant period to jobs in the national economy that require only simple instructions that can be learned in 30 days or less, low-stress jobs, and jobs that require only occasional public contact because the ALJ provided specific reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 3rd day of September, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER